May 31, 1996
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 95-2262

 CARLOS DECLET,

 Plaintiff, Appellant,

 v.

 CONFEDERATION LIFE,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Raymond L. Acosta, Senior U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Boudin and Lynch, Circuit Judges. 

 

Arturo Aponte Pares and Peter John Porrata on brief for 
appellant.
Manuel Moreda-Toledo and McConnell Valdes on brief for appellee. 

 

 

 Per Curiam. Having carefully reviewed the record in 

this case, including the briefs of the parties, we affirm the

grant of summary judgment to defendant/appellee Confederation

Life Insurance Company of Canada.

 According to the undisputed statement of facts, the

decedent made material misstatements as to the condition of

her health in her August 1992 application for reinstatement

of her life insurance policy. By the terms of the policy,

such material misstatements made the policy voidable at the

option of Confederation during the two year contestability

period, which option Confederation exercised in February

1993. Moreover, according to the clear language of the

application, no statement relative to the insured's health

could be deemed communicated to Confederation unless set out

in the evidence of insurability submitted with the

application itself. Consequently, even if appellant did

orally communicate the state of decedent's health to an agent

of Confederation in 1991, Confederation would have had no

duty to investigate, absent some evidence submitted with the

application. Since no such evidence was submitted,

Confederation was within its legal right in rescinding the

policy.1 1

 Affirmed. See 1st Cir. Loc. R. 27.1. 

  

 1Appellant's claim that Confederation was reluctant to 1
provide him with all relevant discovery material was not
raised below and thus will not be heard on appeal.

 -2-